**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COINBASE FINANCIAL MARKETS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Attorney General of Illinois, et al.,<br><br>Defendants. | No. 25 C 15406<br><br>Honorable Martha M. Pacold |
| THE UNITED STATES OF AMERICA and COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiffs,<br><br>COALITION FOR FAIR MARKETS and NORTH AMERICAN DERIVATIVES EXCHANGE, INC., d/b/a OG,<br><br>Intervenors,<br><br>v.<br><br>STATE OF ILLINOIS et al.,<br><br>Defendants. | No. 26 C 3659<br><br>Honorable Martha M. Pacold |
| KALSHIEX LLC,<br><br>Plaintiff,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Attorney General of Illinois, et al.,<br><br>Defendants. | No. 26 C 7363<br><br>Honorable Martha M. Pacold |

# JOINT STATUS REPORT

Plaintiffs Coinbase Financial Markets, Inc. ("Coinbase"); United States of America and Commodity Futures Trading Commission (collectively "CFTC"); and KalshiEX LLC ("Kalshi"); Defendants State of Illinois, JB Pritzker, Kwame Raoul, Dionne Hayden, Sean Brannon, Stephen Ferrara, Caleb Melamed, and Marcus Fruchter (collectively "Defendants"); and Intervenors Coalition for Fair Markets ("Coalition") and North American Derivatives Exchange, Inc., d/b/a OG ("OG") respectfully submit this joint status report pursuant to the Court's direction that "the parties should file a joint status report proposing next steps" by November 12, 2026. *Coinbase* ECF 97; *CFTC* ECF 104; *Kalshi* ECF 63.

The parties jointly propose that the Court stay all further proceedings in the district court (including Defendants' deadline to respond to the complaints) pending the Seventh Circuit's final resolution of Defendants' appeals from the Court's preliminary injunctions.

As background, on October 2, 2026, the Court issued a memorandum opinion and order granting in part Coinbase's, the CFTC's, the Coalition's, OG's, and Kalshi's preliminary injunction motions. *Coinbase* ECF 94; *CFTC* ECF 99; *Kalshi* ECF 60. On the same day, the Court directed the parties to confer and "file a joint status report suggesting a proposed schedule for supplemental briefing on the issue of fees by October 8, 2026." *Coinbase* ECF 93; *CFTC* ECF 98; *Kalshi* ECF 59. On October 8, 2026, the parties filed a joint status report explaining their "agree[ment] that supplemental briefing on this issue is not necessary at this time because the taxes imposed by the Sports Wagering Act only apply to activities conducted by <u>licensees</u>, and the Court's anticipated preliminary injunction will prevent Illinois officials from applying the Sports Wagering Act's licensing requirements to CFTC-registered entities like Coinbase,

Kalshi, OG, and the designated contract markets represented by the Coalition consistent with the Court's already entered ruling." *Coinbase* ECF 95; *CFTC* ECF 101; *Kalshi* ECF 61.

Separately, on October 2, 2026, the Court directed the parties to "confer and file a proposed injunction consistent with [the Court's] opinion and Fed. R. Civ. P. 65" by October 29, 2026. *Coinbase* ECF 93; *CFTC* ECF 98; *Kalshi* ECF 59. The parties submitted a proposed injunction to the Court via email on October 29, 2026. On October 30, 2026, the Court issued a minute entry providing that, on its review of the parties' joint status report and proposed injunction, and for the reasons in its memorandum opinion and order, Coinbase's, the CFTC's, the Coalition's, OG's, and Kalshi's preliminary injunction motions were granted and the proposed injunction was adopted. *Coinbase* ECF 97; *CFTC* ECF 104; *Kalshi* ECF 63. On the same day, the Court issued preliminary injunctions on each of the three dockets. *Coinbase* ECF 98; *CFTC* ECF 105; *Kalshi* ECF 64.

On October 30, 2026, Defendants filed notices of appeal to the Seventh Circuit from each of the Court's preliminary injunctions. *Coinbase* ECF 99; *CFTC* ECF 106; *Kalshi* ECF 65. Those appeals have been docketed in the Seventh Circuit as *Coinbase Financial Markets, Inc. v. Raoul*, No. 26-3265; *United States v. Illinois*, No. 26-3266; and *KalshiEX LLC v. Raoul*, No. 26-3267. On November 3, 2026, all three appeals were consolidated and Defendants-Appellants were ordered to file their opening brief on or before December 14, 2026. *See Coinbase Financial Markets, Inc. v. Raoul*, No. 26-3265, ECF 2.

As the Court knows, its resolution of Coinbase's, the CFTC's, the Coalition's, OG's, and Kalshi's preliminary injunction motions turned primarily on its analysis of two questions of law that are percolating widely throughout the federal courts. *Compare KalshiEX LLC v. Schuler*, --- F.4th ----, 2026 WL 2884087 (6th Cir. Sept. 25, 2026) (sports event contracts are not swaps and

state law is not preempted); *KalshiEX, LLC v. Assad*, 190 F.4th 1098 (9th Cir. 2026) (same), *with KalshiEX LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026) (sports event contracts are swaps and state law is preempted). Appeals presenting these questions of law are pending in many circuits. *E.g.*, *KalshiEX LLC v. Williams*, No. 26-1835 (2d Cir.); *KalshiEX LLC v. Martin*, No. 25-1892 (4th Cir.); *KalshiEX LLC v. Schuler*, No. 26-3196 (6th Cir.) (petition for rehearing and rehearing en banc); *United States v. Wisconsin*, No. 26-2636 (7th Cir.); *KalshiEX LLC v. Bird*, No. 26-2874 (8th Cir.); *KalshiEX LLC v. Cox*, No. 26-4100 (10th Cir.). And petitions are pending before the Supreme Court to review decisions on these questions issued by the Third Circuit and Ninth Circuit. *See Flaherty v. KalshiEX LLC*, No. 26-299; *Robinhood Derivatives, LLC v. Dreitzer*, No. 26-338; *North American Derivatives Exchange, Inc. v. Nevada*, No. 26-344.

Under these circumstances, it is highly likely that the Seventh Circuit will provide material and potentially dispositive guidance on these questions of law when it resolves Defendants' appeals from the Court's preliminary injunctions. *See Braam v. Carr*, 37 F.4th 1269, 1272 (7th Cir. 2022) ("The first step in the [preliminary injunction] analysis—the plaintiff's likelihood of success on the merits—is often decisive."). Judicial economy therefore strongly counsels in favor of a stay pending the Seventh Circuit's resolution of those appeals. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Radio Corporation of America v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954). And "[d]istrict courts frequently exercise their discretion to impose a stay when 'a higher court in a separate case will decide issues of law that are significant to the case sought to be stayed.'" *Spark Energy, LLC v. Raoul*, No. 1:25-cv-01190-JEH-RLH, 2025 WL 3012278, at *2 (C.D. Ill. Oct. 28, 2025); *see, e.g.*, *Sledz v. Platt*, No. 22 C 952, 2024 WL 6968809, at *2 (N.D. Ill. Dec. 6, 2024) (stay

"reduce[s] the burden on the parties and the Court by preventing additional litigation when a controlling issue of this suit is before the Seventh Circuit").

For these reasons, district courts that have granted prediction markets' preliminary injunction motions in comparable cases concerning sports event contracts have generally stayed further proceedings pending the resolution of state officials' appeals. *E.g.*, *KalshiEX LLC v. Johnson*, No. CV-26-01715-PHX-MTL (D. Ariz. May 18, 2026), ECF 104; *KalshiEX LLC v. Orgel*, No. 3:26-cv-34 (M.D. Tenn. Mar. 23, 2026), ECF 55; *KalshiEX LLC v. Flaherty*, No. 1:25-cv-2152-ESK-MJS (D.N.J. May 21, 2025), ECF 31; *see KalshiEX LLC v. Flaherty*, No. 1:25-cv-2152-ESK-MJS (D.N.J. May 19, 2026), ECF 41 (extending stay pending Supreme Court's resolution of petition for writ of certiorari "and, should certiorari be granted, pending the Supreme Court's final disposition of the case").

The propriety of a stay pending the Seventh Circuit's resolution of Defendants' appeals is confirmed by the three factors that courts consider in determining whether to pause proceedings: "(1) whether the stay will simplify the issues and streamline the trial; (2) whether the stay will reduce the burden of litigation on the Court and the parties; and (3) whether the stay will unduly prejudice or tactically disadvantage the non-moving party." *Bernstein v. Coinbase Global, Inc.*, No. 25 C 5313, 2025 WL 2418409, at *2 (N.D. Ill. Aug. 21, 2025). The Seventh Circuit's resolution of Defendants' appeals is likely to provide material and potentially dispositive guidance, which will simplify the issues before the Court and therefore reduce the burden of litigation on both the Court and the parties. And because the parties are jointly proposing a stay, there is no possibility of prejudice or tactical disadvantage.

The parties therefore jointly propose that the Court should stay all further proceedings in the district court (including Defendants' deadline to respond to the complaints) pending the

Seventh Circuit's final resolution of Defendants' appeals from the Court's preliminary injunctions. The parties further propose to file a joint status report regarding further proceedings in this Court, within twenty-one (21) days of the Seventh Circuit's final resolution.

Dated: November 12, 2026

Respectfully submitted,

/s/ Darren Kinkead
Darren Kinkead
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
(773) 590-6967
Darren.Kinkead@ilag.gov
*Counsel for Defendants*

/s/ Yaira Dubin (with permission)
Yaira Dubin
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
YDubin@gibsondunn.com
*Counsel for Coinbase*

/s/ David W. Rubin (with permission)
David W. Rubin
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street NW
Washington, DC 20581
(202) 418-5734
DRubin@CFTC.gov
*Counsel for the CFTC*

/s/ Matthew S. Owen (with permission)
Matthew S. Owen
Gibson, Dunn & Crutcher LLP
1700 M Street NW
Washington, DC 20036
(202) 955-8500
MOwen@gibsondunn.com
*Counsel for the Coalition*

/s/ Jed Schwartz (with permission)
Jed Schwartz
Milbank LLP
55 Hudson Yards
New York, NY 10001
(212) 530-5283
JSchwartz@milbank.com
*Counsel for Kalshi*

/s/ Robert A. Fumerton (with permission)
Robert A. Fumerton
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
Robert.Fumerton@skadden.com
*Counsel for OG*